(81 South. 544)

CLIFFORD v. GARDNER.    (7 Div. 959.)

(Supreme Court of Alabama.    April 10, 1919.)

PARTNERSHIP ⬤➔340—DISSOLUTION OF FIRM
—SALE OF ASSETS—DECREE.

The court trying bill for dissolution of partnership, having made provision for sale of the firm's hotel lease under such conditions as will yield best results reasonably obtainable, and having adjudicated nonforfeiture of lease, is without power to require lessor to file a consent to sale or waiver of its rights under lease, and its decree of sale is not improvident for its failure to do so; assumption being that, if sale does not bring a fair price, court will decline to confirm it.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Suit by J. A. Clifford, whose interest in the lease in question was purchased by J. T. Gardner, Jr., against M. Clifford for dissolution of a partnership and for a receiver. Receiver was appointed, and, from an order directing him to sell a hotel lease held by the joint owners for distribution among them, defendant appeals. Affirmed.

The record shows the following proceeding:

(a) A petition for the dissolution of the partnership between J. A. and M. Clifford carrying on the business of operating a hotel under a ten years' lease executed to them jointly by the owner, R. E. Gardner, with a prayer for an accounting and a distribution and for a receivership.

(b) The appointment of a receiver with full powers.

(c) Application by the receiver for authority to make extensive repairs of the hotel building, to which M. Clifford answered the Calhoun Hotel Company as purchaser of the property from Gardner, claimed a forfeiture of the lease by lessees for breach of its terms, and was prosecuting a suit in ejectment to recover possession, and he prayed that the said Calhoun Hotel Company and its stockholders be brought in as parties to the petition for repairs so as to settle the question of forfeitures before spending his money for repairs, which was granted and said parties brought in.

(d) The decree overruling the demurrer and objection of the Calhoun Hotel Company and adjudicating that the lease had not been forfeited and ordering that the repairs be made by the receiver.

(e) A petition by one J. T. Gardner, Jr., showing that he had purchased the interest of J. A. Clifford in said lease, and praying that it be sold and the proceeds divided between its owners.

(f) A decree that the register of the court shall sell said leasehold interest to the highest bidder for cash; and it appearing to the court from the pleadings and proof that the said leasehold interest cannot be sold to advantage unless the said Calhoun Hotel Company shall waive all rights which it may have to insist upon a forfeiture of said lease, or against assigning said lease or subleasing said premises, it is ordered, adjudged, and decreed that no sale of said leasehold interest shall be confirmed or approved unless the Calhoun Hotel Company shall file in this cause its consent in writing to the sale of said leasehold interest and also its waiver in writing of all rights which it has or may have to insist upon a forfeiture of said lease.

From this decree M. Clifford appealed, assigning 12 separate grounds of error, among which is the sixth:

"The court erred in ordering said lease to be closed without requiring the Calhoun Hotel Company, the owner of the Anniston Hotel, on which the lease was given, to consent to such sale before the decree of sale was rendered."

Willett, Willett & Walker, of Anniston, for appellant.

Knox, Acker, Dixon & Sterne, of Anniston, for appellee.

SOMERVILLE, J.    As we read the brief of counsel for appellant, the only insistence made, by way of objection to the decree of sale, is that the decree is improvident in not requiring the Calhoun Hotel Company to file its written consent to the sale, and its written waiver of the right to claim a forfeiture, of the hotel lease, before the sale should be made, instead of before its confirmation merely; the argument being that, unless this were done before the sale, the property would not bring a fair price.

We do not think we would be justified in setting aside the order of sale in this case in anticipation of such a result.

While it is the duty of the trial court to sell the property under such terms and conditions as will yield the best results reasonably obtainable, it seems to have made such provision to that end as it has power to make. It has adjudicated the nonforfeiture of the lease, and it has no power to require the lessor to file a consent to the sale, or a waiver of its rights under the lease. We are bound to assume that, if the sale, as ordered, does not bring a fair price for the property, the trial court will decline in any event to confirm it.

Appellant must therefore make his objection to the confirmation of an injurious sale, if and when made, rather than to an order of sale, the result of which is until then purely speculative.

We do not consider whether, as between these parties, and in view of their relations, a separate sale of the lease was proper, since that question is not before us.

We see no reason for disturbing the decree appealed from, and it will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.

⬤➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes